The Honorable Bill Pritchard State Senator
19998 Mohawk Drive Elkins, Arkansas 72727-8720
Dear Senator Pritchard:
You have asked for my opinion about A.C.A. § 21-6-412(a)(1), which pertains to the receipt of a fee for the sale of certain real property. As background for your question, you state:
 Arkansas law permits courts to appoint commissioners to make sales of real property under judicial decrees, with the appointed commissioners allowed fees as compensation. A.C.A. § 21-6-412(a)(1). It is my understanding [that] throughout the state, circuit clerks are traditionally appointed to act as commissioners under the [above] cited code section. At least one news article reports [that], as a general rule, circuit clerks that act as commissioners under this statute retain the fees allowed by the statute.
With this background in mind, you ask the following:
 When a circuit clerk receives a fee for acting as a commissioner to sell real property under the above cited statute, should the clerk remit that fee to the county treasury pursuant to A.C.A. § 14-14-1313?
You also ask that I, while answering this question, address whether the case of State v. Swaim,167 Ark. 225, 268 S.W. 366 (1925) "bears on" your question. *Page 2 
RESPONSE
As far back as 1873, Arkansas law indicated that circuit clerks were ex officio commissioners. As will be shown below, by at least 1925, this ex officio relationship required any fees that clerks gained while serving as commissioner be remitted to the county treasury. But in 2003, the General Assembly repealed this 130 year-old law. The occasion for the law's repeal was, according to the repealing Act, the implementation of "technical corrections" to various Arkansas statutes, which changes were "required" to implement Amendment 80 to the Arkansas Constitution. Therefore, as the law now stands, there is no state law indicating that one of the duties of circuit clerks is to act as commissioner. In the absence of such a law, for the reasons explained below, circuit clerks who receive a fee for acting as a commissioner are no longer required to remit that fee to the county treasury. It is very doubtful that, in an Act to effect "technical corrections," the General Assembly intended a substantive change in the law regarding the set of official functions that circuit clerks perform. Nevertheless, the legislature clearly did change the law. And this change has led to some circuit clerks collected huge sums of money. This fact, when combined with the historical fact that clerks had to remit this fee to the county, gives rise to the appearance of impropriety. It is up to the legislature to correct this matter if the law was inadvertently changed.
DISCUSSION
Ordinarily, a county officer whose compensation is fixed by statute is not entitled to additional compensation, "unless the services on which a claim for additional compensation rests were outside the scope of the officer's official duties."[1]
In Arkansas, circuit clerks are "county officers whose compensation is fixed by statute."[2] Therefore, under the general principle stated above — and, indeed, under a specific Arkansas statute[3] — circuit clerks, when performing official functions, cannot receive compensation above and beyond their salary. *Page 3 
So the threshold question for us is whether serving as a commissioner is one of the circuit clerk's official functions. If the answer to this is "yes," then the clerk cannot keep the fee because it could enable him to receive compensation beyond his salary. Further, A.C.A. § 14-14-1313 would require that the commissioner fee be remitted the county treasury. But if the answer to this threshold question is "no," then the fee is not considered compensation of the circuit clerk as clerk. Accordingly, for reasons explained below, section 14-14-1313 would not apply.
Between 1873 and 2003, the answer to this threshold question was "yes." In 1873, the General Assembly determined that one of the official functions of circuit clerks was to serve as commissioner.[4] That law remained in effect for the next 130 years.[5] In 2003, when the law was repealed, it was found at A.C.A. § 16-20-306 (Repl. 1999) and stated:
 The circuit clerk, by virtue of his office, shall be master or commissioner of the circuit court, shall have all powers that are conferred by law on a master or commissioner in chancery, and shall receive for such services a compensation to be fixed by the court. However, a judge may, for reasons or causes, appoint and constitute any other person [a] master or commissioner in special causes in the court.
With this law in place over those many years, the answer to your question was clear. Indeed, in 1925 the Arkansas Supreme Court considered your precise question. In State v. Swaim, the court made three holdings that are relevant to your question. First, theSwaim court held that circuit clerks, when performing their official functions, cannot receive any fees that would cause the clerk to exceed their salary.[6] Second, the court held that, on the basis of the above-quoted statute, *Page 4 
circuit clerks were ex officio commissioners. Therefore, the court held, third, that the circuit clerk could not keep the fee she received for serving as commissioner. Instead, she had to remit it to the county treasury.
The rationale that the Swaim court used to reach its third holding is no longer valid. While, as noted above, the first holding is still valid, the second holding is not. In 2003, the legislature promulgated Act 1185 of 2003, § 177, which repealed the statute that was the basis for the court's second holding.
This voluminous Act was entitled "An Act to Adopt Technical Corrections for the Implementation of Amendment 80 to the Arkansas Constitution. . . ." Amendment 80 reordered, among other things, the Arkansas court system. As part of that reordering, chancery courts were abolished and the equity power that they exercised was transferred to the circuit courts. Given the abolition of chancery courts, it appears that section 16-20-306 was abolished because it mentions "chancery." But, as you can see, a circuit clerk was the "commissioner of the circuit court." While the reference to "chancery" refers to the kind of power a commissioner or master had in such a court, the statute does not confine a commissioner's functions to a "chancery court." Indeed, the clerk is commissioner "of the circuit court."
Accordingly, it is not clear to me that the "technical corrections" required by the passage of Amendment 80 and referenced in Act 1185, required the repeal of section 16-20-306. And I doubt that the legislature realized that this "technical correction" in the law was effecting a substantive change in the job duties of the circuit clerk, thereby changing 130 years of settled law that was not directly related to the existence of "chancery courts."
Nevertheless, the legislature has clearly repealed this statute. And there are no other statutes indicating that one of the official functions of a circuit clerk is to serve as a commissioner. In the absence of such a statute, there is nothing that ties a commissioner's duties to a circuit clerk's official functions. That means that when a person who is a circuit clerk is appointed to serve as a commissioner, the person is serving as a commissioner in his or her private capacity as a general citizen, not in his or her official capacity as a circuit clerk. *Page 5 
The only remaining question is whether A.C.A. § 14-14-1313 requires a person who is serving as a commissioner in his or her capacity as a private citizen to remit the commissioner's fee to the county treasury. Section 14-14-131 requires that "all public funds" held by "any officer of the county" be remitted to the county treasury. This statute, by its plain language, only applies to a person who holds "public funds" when acting as an "officer of the county." And because a person who is acting in their private capacity is not an "officer of the county," the answer your question is: "No, section 14-14-1313 does not require citizens-as-commissioners to remit their fees to the county treasury."
In summary, when the General Assembly enactedAct 1185 of 2003, which was designed to make "technical corrections," the legislature (perhaps unknowingly) repealed a 130-year old, substantive law that established some of the official functions of circuit clerks. This repeal means that, among other things, circuit clerks are no longer required to remit their commissioner's fees to the county treasury. If the legislature did not intend this substantive change, then they can easily correct it. Indeed, SB690, which was proposed in the 2011 legislative session, attempted to deal with the huge sums of money some clerks were collecting for themselves. But in SB690, there is no indication that the legislature was aware of the foregoing history behind clerks beingex officio commissioners. And the failure of SB690 to become law shows that the legislature has not yet reached agreement on how best to handle the matter.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] 20 C.J.S. Counties § 179.
[2] A.C.A. §§ 14-14-1301(a)(2) (Supp. 2011),14-14-1204(g)(1) (Supp. 2011), 14-14-1312 (Repl. 1998).
[3] A.C.A. § 14-14-1204(g).
[4] Act 53 of 1873, § 7.
[5] It was codified in the following statutory compilations: (1) Crawford Moses' Digest, §§ 1364, 1365; (2) Pope's Digest, §§ 1625, 1626; and (3) Arkansas Statutes Annotated § 23-314.
[6] The basis for this holding was that the legislature had passed a comprehensive statute setting out the salaries of all county officers, including of circuit clerks. The court read this statute as implying that clerks could not receive money in excess of the salary mentioned. The modern version of this comprehensive salary statute is, for all practical purposes, found at A.C.A. § 14-14-1204.

 *Page 1